No. 14608

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

THOMAS CRAIG HILTON,

Defendant and Appellant.

---

Appeal from: District Court of the Third Judicial District,
Hon. Robert J. Boyd, Judge presiding.

Counsel of Record:

For Appellant:

Byron Boggs argued, Anaconda, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Chris Tweeten argued, Assistant Attorney General, Helena,
Montana
John Radonich, County Attorney, Anaconda, Montana
Kevin Campana argued, Deputy County Attorney, Anaconda, Montana

---

Submitted: June 4, 1979

Decided: JUL 2 3 1979

Filed: JUL 2 3 1979

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This appeal is from an order of the District Court for Deer Lodge County denying defendant's motion to withdraw a plea of guilty to the charge of first degree murder.

Defendant confessed that on October 12, 1973, he forced Elwood Maney, a resident of Anaconda, into the trunk of a car, drove him into the surrounding countryside and shot him. After his arrest, he entered a plea of not guilty and gave notice of his intention to rely on the defense of mental disease or defect. He was then committed to Warm Springs State Hospital for examination and testing. While at the hospital, he was examined by Dr. M. F. Gracia, a psychiatrist, who found him competent to stand trial, able to appreciate the criminality of his conduct and capable of conforming his conduct to the requirements of law. Due to behavioral problems at the hospital he was transferred to the State Prison at Deer Lodge where he was examined by Dr. Dean Beismeyer, a clinical psychologist. Dr. Beismeyer agreed with Dr. Gracia's findings regarding defendant's competency to stand trial but testified that in 1973, he felt there was "a very good question about his ability to be [criminally] responsible." Dr. Beismeyer's report did not influence Dr. Gracia to alter his opinion. In addition, defendant was examined by Dr. Vern Cressey, a psychiatrist who had previously treated him. Dr. Cressey's report concurred with Dr. Gracia's.

After the psychiatric reports were filed, defendant withdrew his plea of not guilty and pleaded guilty to first degree murder on March 27, 1974. Although no transcript of these District Court proceedings is available, the minute entry is as follows:

> "State is ready to proceed, Defendant is ready to proceed with hearing. This being the time set for hearing change of plea. Mr. Scanlon one of counsel for Defendant moved the Court that Defendant be allowed to change plea of Not Guilty of First Degree

-2-

Murder to plea of Guilty. Mr. Hilton is present at this time with his counsel. State has no objection Mr. Hilton was questioned by the Court. Defendant was advised of his right to trial by Jury, witnesses State offered dismissal of Count #II Defense counsel had opportunity to seek all evidence. Mr. Yelsa counsel for State of Montana gave summary of incident which took place, the time of the murder. Defendant was asked if he wished to enter a plea at this time to which he answered, yes. Let the records show that the Court makes the following findings:

"(1) That the Defendant is competent to enter a plea.

"(2) That this is knowingly made with the understanding of the nature of the charge and of the direct consequences.

"(3) That it is voluntary and made without any improper inducements or conditions and free from coersion [sic] with the understanding of the nature of the charge and indirect consequences.

"That the plea was made after consultation with competent counsel.

"That there is factual bases for the plea and at this time the Court will accept a motion from the County Attorney for dismissal of Count #II. Court accepts the plea of guilty. Defendant waived 2 days to enter plea. Upon conclusions of all testimony, the Defendant was sentenced to commitment to Montana State Penitentiary for the rest of His Natural Life. Defendant was then delivered to the custody of the Sheriff of Deer Lodge County for delivery to Montana State Prison commitment to State Penitentiary signed and filed."

In September 1978, defendant filed pro se motions for additional psychiatric examination, appointment of counsel and for vacation of his guilty plea and sentence. From the motion it is clear that defendant desires to stand trial and rely on the defense of mental disease or defect. Counsel was appointed and advised defendant that his guilty plea would have to be withdrawn before trial could take place. A hearing on the matter was held in November 1978, before the Honorable Robert Boyd in the District Court for Deer Lodge County.

Dr. Beismeyer testified that he now felt there was a "very high probability" that defendant suffered from a mental disease "at the instance of the crime" and that when the crime was

-3-

allegedly committed, he did not appreciate the criminality of his conduct and was not able to make his conduct conform to the requirements of law. Defendant testified that he pleaded guilty for three reasons: (1) He was afraid to return to Anaconda for trial because of fear of personal injury to himself. (2) He had formed an intimate relationship with another inmate at the prison and his main concern at the time was to continue the relationship. (3) At the time he was unable to effectively communicate with the appointed psychiatrists and psychologists but is now able to accept his possible insanity.

Judge Boyd found, concluded and ruled as follows:

"I am sure that after five years in the prison there are relatively few prisoners who would not be willing to explore any avenue possible to them to relieve themselves of that imprisonment. I find it extremely difficult to buy Mr. Hilton's humanitarian reasons for wanting to be in the prison when I consider the related circumstances of the offense, including lying in wait, stuffing Mr. Maney in the trunk of his car and then putting a shotgun to his head, all of which took a substantial period of time.

"I do not believe that if the testimony of Dr. Beismeyer had been presented to me at the same time as the reports of the psychiatrists who have testified that I would come to any other or different conclusion and would still find that and do still find that Mr. Hilton was competent to enter a plea at the time that he entered the plea, that he did it freely and voluntarily, that he had consultation of competent counsel, that by so doing he waived any technical defenses that he might have.

"The motion for additional psychiatric evaluations is denied.

"The motion to withdraw the plea of guilty and enter a plea of not guilty by reason of mental disease or defect is likewise denied."

The sole issue faced by this Court is whether the District Court erred in denying defendant's motion to withdraw his guilty plea. We hold it did not.

Section 46-16-105(2) MCA provides:

"At any time before or after judgment the court may, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted."

Such requests are addressed to the sound discretion of the trial court and are subject to review only where an abuse of discretion is shown. State v. Pepperling (1978), ____ Mont. _____, 582 P.2d 341, 345, 35 St.Rep. 1072, 1078.

Various circumstances surrounding the entry of a plea, mandate withdrawal of a guilty plea.

A plea may be withdrawn if defendant is persuaded or coerced into pleading guilty by his attorney, State v. Nicholas (1912), 46 Mont. 470, 472-473, 128 P. 543, 544, or if the plea is entered involuntarily or by one not competent to know the consequences of his action or by one who is induced to plead guilty by "fear, persuasion, promise or ignorance." State ex rel. Foot v. District Court et al. (1928), 81 Mont./ 495, 504, 263 P. 979, 982. Likewise, if the plea is entered because of mistake or apprehension, it may be withdrawn. State v. McAllister (1934), 96 Mont. 348, 353, 30 P.2d 821, 823. The thread which runs throughout the cases is that the plea must be entered voluntarily and with an understanding of the nature of the action. State v. Mack (1958), 134 Mont. 301, 330 P.2d 968; State v. McBane (1954), 128 Mont. 369, 275 P.2d 218; State v. Casaras (1937), 104 Mont. 404, 66 P.2d 774. It is to these questions that the District Court's discretion is addressed. State v. Pepperling, supra.

> "The fundamental purpose of allowing the withdrawal of a plea of guilty is to prevent the possibility of convicting an innocent man. Therefore, a plea of guilty need be deemed involuntary only where it appears that the defendant was laboring under such a strong inducement, fundamental mistakes, or serious mental condition that the possibility exists he may have pleaded guilty to a crime of which he is innocent. (Citing cases.)" State v. Pelke (1964), 143 Mont. 262, 271, 389 P.2d 164, 169.

The most recent case on point is State v. Huttinger (1979), ____ Mont. _____, 595 P.2d 363, 36 St.Rep. 945. In that case, we found an abuse of discretion in the trial court's refusal to allow a withdrawal of the plea. Our decision was based primarily

-5-

on the fact that the interrogation by the judge was inadequate to determine if Huttinger's plea was truly voluntarily and freely entered.

In the instant case, there is no contention that the guilty plea was involuntary or unintelligently entered. The thrust of defendant's argument is that new evidence showing him to be mentally incompetent at the time of the alleged crime mandates the vacation of his plea. From our examination of the record we are unable to agree that any new evidence exists. Dr. Beismeyer testified that in 1973 he believed there was a "good question" as to whether defendant was criminally responsible. By 1978 the "good question" had evolved into a "high probability".

Once a defendant properly pleads guilty he waives all factual defenses as well as constitutional violations which occur prior to the plea. State v. Turcotte (1974), 164 Mont. 426, 428, 524 P.2d 787, 788. Thereafter, "[h]e may only attack the voluntary and intelligent character of his plea . . ." Tollett v. Henderson (1973), 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243; Pepperling, 582 P.2d at 346, 35 St.Rep. at 1079; Turcotte, 164 Mont. at 428, 524 P.2d at 789.

In Falu v. United States (S.D. N.Y. 1969), 308 F.Supp. 1051, aff'd 421 F.2d 687, the court held:

"[The] contention [that he was not criminally responsible for the crime because of insanity] was waived when petitioner, in full possession of his faculties and represented by able counsel, freely, voluntarily and intelligently pleaded guilty to the crime charged."

In State v. Barber (1972), 262 La. 443, 263 So.2d 719, the facts were nearly identical to those here. Defendant pleaded not guilty and not guilty by reason of insanity and was found, by a sanity commission, to be mentally competent. He withdrew his plea and entered a guilty plea. Upon request to withdraw the plea, the Court said:

-6-

> "A plea of guilty waives all defects prior to the plea except those jurisdictional defects which appear on the face of the proceedings." Barber, 263 So.2d at 719.

At the time defendant entered the guilty plea, the District Court found he did so freely and voluntarily. The finding was repeated upon defendant's motion to withdraw and was not an abuse of discretion by the trial court. Thus, it is not subject to attack. State v. Nance (1947), 120 Mont. 152, 184 P.2d 554. Judge Boyd, as the trier of the facts, determined the credibility of the witnesses and the weight to be given their testimony. He was well within his powers when he discounted defendant's asserted "humanitarian reasons" for pleading guilty and dismissed them as a cause of involuntariness. Likewise he was correct in viewing Beismeyer's testimony as pertinent only to defendant's mental state when he entered the plea.

As the trier of fact, Judge Boyd was able to believe some witnesses and disbelieve others. He recited that Beismeyer's testimony did not influence him to change his mind about the voluntary nature of defendant's plea; nor would it have influenced him if available at the time of entry of the plea.

Alternatively, defendant argues that certain anonymous threats caused him to plead guilty. If this had in fact been a cause of the plea, withdrawal would be proper. Apparently the trial court discounted defendant's credibility and considered these as an afterthought. It was within its discretion to do so. We note that when threats are received such as would deprive a defendant of a fair trial, a motion for a change of venue is proper.

The order of the District Court is affirmed.

_____
Chief Justice

-7-

We Concur:

*Gene B. Daly*

*John Conway Harrison*

*Daniel J. Shea*

*John C. Sheehy*
　　　　　Justices