No. 85-487

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

GERALD LINCOLN WALKER,

        Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Brad L. Belke, Butte, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Dorothy McCarter, Asst. Atty. General, Helena
        Ted L. Mizner, County Attorney, Deer Lodge, Montana

_____

Submitted on Briefs: Nov. 21, 1985

Decided: January 28, 1986

Filed: JAN 2 8 1986

_Ethel M. Harrison_

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Defendant, Gerald Lincoln Walker, entered a plea of guilty to charges relating to burglary and theft. At his sentencing hearing, he moved to withdraw that plea. The Powell County District Court denied his motion, and defendant appeals. We affirm the District Court's order.

The issues on appeal are:

(1) Did the District Court abuse its discretion in not allowing defendant to withdraw his guilty plea?

(2) Is defendant's epilepsy a developmental disability which raises a defense of lack of intent at the time the crimes were committed?

Defendant was arrested in December, 1984 on charges of burglary, attempted burglary, and theft. At his arraignment, the defendant entered a plea of not guilty, and a trial date was set. In April, 1985 he withdrew his plea and, on the basis of a plea negotiation with the Powell County Attorney, entered a plea of guilty. The court ordered a presentence investigation.

Thereafter, a question arose concerning the defendant's fitness to proceed, and, at his counsel's request, he was sent to Warm Springs State Hospital for an examination. He was transferred to Galen State Hospital after suffering from seizures. There, he was placed on medication. Approximately five days later he returned to Warm Springs, where he underwent evaluation.

At his sentencing hearing, defendant moved to withdraw his guilty plea on the basis that he was under a disability at the time he entered the plea, and was incompetent to enter a plea. He also contended that the examination at Warm Springs did not address itself to the issue of whether his

2

epilepsy (as distinguished from his I.Q.) caused him to lack the requisite mental state to commit the offenses charged. The State presented testimony by the psychologist who examined the defendant at Warm Springs. He testified that he had spent approximately two hours with defendant, and that he had access to all of defendant's files, including medical files, at Warm Springs. His conclusion was that defendant was competent and did not suffer from a mental disease or defect. He also testified that, in his opinion, the defendant could assist in his own defense and understood the proceedings against him. Defendant's motion to withdraw his plea was denied and he was sentenced pursuant to the plea bargain.

I

Did the District Court abuse its discretion in not allowing defendant to withdraw his guilty plea?

We consider three important factors in reviewing a motion to withdraw a guilty plea. They are: (1) the adequacy of the District Court's interrogation at the time the plea was entered as to the defendant's understanding of the consequences of his plea; (2) the promptness with which the defendant attempts to withdraw the prior plea; and (3) the fact that the defendant's plea was the result of a plea bargain. State v. Mesler (Mont. 1984), 682 P.2d 714, 717, 41 St.Rep. 939, 942.

As to the first factor, a trial judge's interrogation of a defendant seeking to enter a guilty plea is sufficient if the judge:

> . . . examines the defendant, finds him
> to be competent, and determines from him
> that his plea of guilty is voluntary, he

3

> understands the charge and his possible punishment, he is not acting under the influence of drugs or alcohol, he admits his counsel is competent and he has been well advised, and he declares in open court the facts upon which his guilt is based.

State v. Lewis (1978), 177 Mont. 474, 485, 582 P.2d 346, 352.

At his change of plea hearing, the defendant submitted to the court a written "acknowledgement of waiver of rights by plea of guilty." That document, signed by the defendant, contained statements that he understood all of the matters listed above in Lewis. It also contained defendant's handwritten statement of the facts which were the basis for his plea of guilty. Before accepting the guilty plea, the court questioned defendant as to the authenticity and contents of the acknowledgement.

This Court has held, in a similar fact situation, that a written acknowledgement combined with oral questioning of the defendant constituted adequate interrogation under Lewis. State v. Laverdure (Mont. 1984), 685 P.2d 375, 41 St.Rep. 1570. We conclude that the District Court here conducted an adequate interrogation of the defendant as to his understanding of the consequences of his plea. We note also that the psychological evaluation of defendant did not support his position that he was incompetent to enter a voluntary guilty plea.

The matters of the promptness of defendant's motion to change his plea and the fact that his change of plea was a result of plea bargaining are not in dispute. Although the promptness of plaintiff's motion to change his plea weighs in his favor, upon consideration and balancing of all three factors, we hold that the District Court was within its

4

discretion in denying defendant's motion to withdraw his guilty plea.

## II

Is defendant's epilepsy a developmental disability which raises a defense of lack of intent at the time the crimes were committed?

The defendant did not produce any evidence in support of his contention that his epilepsy affected his ability to form the requisite intent at the time the crimes were committed. In fact, the results of the mental examination tend to disprove this theory. We therefore apply the rule that when a defendant properly pleads guilty, he waives all factual defenses as well as constitutional violations which occurred prior to the plea. State v. Hilton (1979), 183 Mont. 13, 597 P.2d 1171. We do not rule on the issue of whether epilepsy could constitute a developmental disability negating the element of intent, if properly proven.

The order of the District Court is affirmed.

Justice

We concur:

Chief Justice

Justices