JUSTICE McDONOUGH
delivered the Opinion of the Court.
Ronald Timblin appeals from a judgment of the Eighth Judicial District Court, Cascade County entered after a bench trial. We reverse.
The sole issue to consider on this appeal is: whether the District Court erred in denying a continuance thereby denying Timblin’s Sixth Amendment right to compulsory process, and his Fifth Amendment rights to due process and a fair trial. These rights are applicable to the states by reason of the Fourteenth Amendment to the United States Constitution.
During the spring of 1987, Timblin’s wife filed for a divorce and Timblin moved out of the family home. On approximately August 22, 1987, Timblin picked up P.T., C.T. and K.T. (his three daughters) for a scheduled visitation. At the time, P.T. was 14 years old. P.T. later reported that Timblin forcibly raped her during the visit. She initially told no one about this incident. Two years later, in 1989, P.T. confided in her boyfriend Matthew and revealed a history of sexual abuse by her father. After consideration, on the following day, Matthew told P.T.’s mother about the abuse. On April 24, 1989 P.T.’s mother contacted the Great Falls Police Department. After an investigation, Timblin was charged with sexual intercourse without consent.
P.T. told the investigating officer that on the day of the incident at Timblin’s apartment, he called her into the bathroom to talk about C.T.’s birthday present. She stated that Timblin told C.T. and K.T., her younger sisters, to stay in the living room and watch television. P.T. reported that after the alleged rape occurred Timblin left the bathroom first. She remained in the bathroom to clean up and put cold water on her face. Later, at the request of the County Attorney, the investigating officer interviewed P.T.’s sisters, C.T. and K.T. Both C.T. and K.T. reported that Timblin called P.T. into the bedroom to talk about C.T.’s birthday present. They stated that P.T. and Timblin were in the bedroom about two minutes, and that P.T. came out of the bedroom first. Both girls stated they were in the living room watching TV at the time of the alleged rape. C.T. stated she saw P.T. and Timblin go into the bedroom but not the bathroom.
Prior to trial, the State issued subpoenas to both C.T. and K.T. Apparently, the State released the subpoenas one or two days prior to the trial. At the trial, P.T.’s story changed somewhat. Counsel for *50 the defendant then had subpoenas issued for C.T. and K.T. but was unable to serve them. Filed affidavits made by the process server and a private investigator showed that the girls were hidden by their maternal grandmother, and/or mother thus preventing service.
The statements taken by the investigating officer had revealed some inconsistencies between the girls’ stories, and the story of the victim. However, it was not revealed to the defense until trial that P.T.’s initial story had changed. Prior to P.T.’s in-court testimony, Timblin was unaware that P.T. had made more than one statement to the investigating officer. The State did not notify Timblin about the change in P.T.’s testimony. P.T. testified at trial that her father first called her into the bedroom, then they went into the bathroom. P.T. stated that Timblin told the younger girls to take out the garbage. P.T. further testified that the girls stayed outside and played. This was not the version told by C.T. and K.T.
P.T.’s original and only typed statement was different than her trial testimony; the detective knew about her change in testimony prior to trial. The defendant was unaware of the change in the story until the trial.
During the trial, after the process server was -unsuccessful in serving the subpoenas, Timblin made a motion to compel the State to produce C.T. and K.T., and a motion to continue the trial -until the witnesses could be subpoenaed. The District Court denied Timblin’s motions. Timblin was found guilty by the court and sentenced to 35 years in the Montana State Prison, with five years suspended and without credit for time served. This appeal followed.
Our standard of review is to determine whether the trial court abused its discretion in denying the motion for a continuance. Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 803 P.2d 601.
On the second day of the two day bench trial, the District Court denied Timblin’s motion to continue until Timblin could locate and serve subpoenas on C.T. and K.T. The District Court, for purposes of the record, stated that its calendar was full. It further stated that Timblin should have subpoenaed C.T. and K.T. prior to trial. We agree with the District Court that a criminal defendant must plead and prove his or her own case, thus calling witnesses in his or her own defense. See Ferrari v. United States (9th Cir. 1957), 244 F.2d 132, 142, cert. denied sub nom Cherpakov v. United States (1957), 355 U.S. 873, 78 S.Ct. 124, 2 L.Ed.2d 78; Darneille v. U.S., 355 U.S. 873, 78 S.Ct. 125, 2 L.Ed.2d 78. In this instance, due to the lack of notice of changed testimony, a continuance would have been proper.
*51 Timblin argues that under Schwartzmiller v. State (Idaho App. 1985), 699 P.2d 429, and Singleton v. Lefkowitz (2nd Cir. 1978), 583 F.2d 618, he was denied his rights to compulsory process, due process, and a fair trial. Schwartzmiller set forth three criteria in determining whether compulsory process has been denied:
1. The nature and extent the government conduct contributed to the unavailability of the witness;
2. The importance of the evidence to the defendant’s case; and
3. The defendant’s diligence in exercising his Sixth Amendment rights.
Schwartzmiller [699 P.2d] at 430-431.
As Schwartzmiller pointed out, each inquiry is important, but all three need not be satisfied. Schwartzmiller, [699 P.2d] at 431. In the case before us, after the change of testimony on the part of P.T., the importance of the younger girls’ testimony increased significantly. Timblin diligently had subpoenas issued for C.T. and K.T., hired an investigator to help locate them, and made the proper motions in order to accomplish service.
In Singleton the Second Circuit held that the defendant was denied his right to compulsory process when the trial court refused an adjournment to secure the presence of a witness. The court stated that denial of a defendant’s right to present a defense deprives the defendant the right to a fair trial. Singleton at 625. Additionally, due process guarantees that a criminal defendant will be treated with the fundamental fairness essential to the very concept of justice. Schwartzmiller [699 P.2d] at 430. (Citations omitted.)
We conclude that the District Court abused its discretion in denying Timblin’s motion for continuance. A reasonable continuance would have satisfied Timblin’s constitutional rights. The presence of the two girls at trial would have allowed Timblin to test the credibility of the victim. The change in P.T.’s testimony goes to her credibility. The credibility of a witness is of utmost importance between a sexual abuse victim and a denying defendant. It is often the only defense available.
For the reasons stated above, we remand to the District Court for a new trial.
JUSTICES HARRISON, TRIEWEILER, HUNT, GRAY and WEBER concur.