# STATE OF MONTANA,
## Plaintiff and Respondent,
### v.
# MICHAEL EUGENE SKROCH,
## Defendant and Appellant.

No. 94-001.
Submitted on Briefs August 4, 1994.
Decided November 1, 1994.
51 St.Rep. 1092.
267 Mont. 349.
883 P.2d 1256.

For Appellant: **James A. Haynes**, Attorney at Law, Hamilton.

For Respondent: **Hon. Joseph P. Mazurek**, Attorney General, **John Paulson**, Assistant Attorney General, Helena; **George H. Corn**, Ravalli County Attorney, Hamilton.

JUSTICE HUNT delivered the opinion of the Court.

Defendant Michael Eugene Skroch appeals from an order of the Twenty-first Judicial District Court, Ravalli County, denying his motion to withdraw his guilty pleas to two counts of sexual assault.

Affirmed.

The sole issue on appeal is whether the District Court abused its discretion in denying defendant's motion to withdraw his guilty pleas.

On July 8, 1992, defendant was charged by information in Ravalli County with two counts of sexual intercourse without consent, two counts of sexual assault, two counts of misdemeanor unlawful restraint, one count of felony assault, one count of misdemeanor assault, and two counts of unlawful transactions with children. The two female victims were ages 13 and 14.

On July 21, 1992, defendant appeared with counsel and entered pleas of not guilty to all charges.

On October 27, 1992, defendant appeared with counsel and entered into a plea agreement prior to a scheduled omnibus hearing. Defen-

dant withdrew his not guilty pleas and entered a guilty plea to two counts of sexual assault under § 45-5-502(3), MCA. In exchange, the remaining charges were dismissed on 12 conditions.

In March 1993, defendant discharged his attorney, and the court appointed new counsel. During this time the Twenty-first Judicial District for Ravalli County was established and a different District Judge assumed jurisdiction over the case.

On May 7, 1993, after learning that the charges against a co-defendant had been dismissed, defendant filed a motion to withdraw his guilty pleas. The District Court conducted a hearing on July 27, 1993, and on August 30, 1993, the court issued an order denying defendant's motion.

On November 10, 1993, defendant was sentenced to two concurrent 15-year suspended sentences with twelve conditions.

Defendant appeals the court's denial of his motion to withdraw his guilty pleas.

■ Did the District Court abuse its discretion in denying defendant's motion to withdraw his guilty pleas?

■ When reviewing a trial court's refusal to allow a defendant to withdraw a guilty plea we will determine whether the trial court abused its discretion. *State v. Mahoney* (1994), 264 Mont. 89, 870 P.2d 65; *State v. Reynolds* (1992), 253 Mont. 386, 833 P.2d 153; *State v. Cameron* (1992), 253 Mont. 95, 830 P.2d 1284. Absent an abuse of discretion, we will not disturb the trial court's decision. *Reynolds*, 833 P.2d at 155; *Cameron*, 830 P.2d at 1288.

■ A trial court may permit a guilty plea to be withdrawn and a not guilty plea substituted for good cause at any time before or after the judgment under § 46-16-105(2), MCA. This Court will consider the following three factors to determine whether good cause existed and whether the district court erred in refusing to allow a defendant to withdraw a guilty plea:

1. The adequacy of the District Court's interrogation at the time the plea was entered as to the defendant's understanding of the consequences of his plea;

2. the promptness with which the defendant attempts to withdraw the prior plea; and

3. the fact that the defendant's plea was the result of a plea bargain. *Mahoney*, 870 P.2d at 68-69; *State v. Coggins* (1993), 257 Mont. 440, 849 P.2d 1033; *State v. Miller* (1991), 248 Mont. 194, 810 P.2d 308;

*State v. Long* (1987), 227 Mont. 199, 738 P.2d 487; *State v. Walker* (1986), 220 Mont. 70, 712 P.2d 1348.

■ Defendant argues that the court's interrogation at the October 27, 1992, hearing was insufficient and should have followed the format set forth in § 46-12-210, MCA, which provides:

(1) Before accepting a plea of guilty, the court shall determine that the defendant understands the following:

(a) (i) the nature of the charge for which the plea is offered;

(ii) the mandatory minimum penalty provided by law, if any;

(iii) the maximum penalty provided by law, including the effect of any penalty enhancement provision or special parole restriction; and

(iv) when applicable, the requirement that the court may also order the defendant to make restitution of the costs and assessments provided by law;

(b) if the defendant is not represented by an attorney, the fact that the defendant has a right to be represented by an attorney at every stage of the proceeding and that, if necessary, one will be appointed to represent the defendant;

(c) that the defendant has the right:

(i) to plead not guilty or to persist in that plea if it has been already been made;

(ii) to be tried by a jury and at trial has the right to the assistance of counsel;

(iii) to confront and cross-examine witnesses against the defendant; and

(iv) not to be compelled to reveal personally incriminating information;

(d) that if the defendant pleads guilty in fulfillment of a plea agreement, the court is not required to accept the terms of the agreement and that the defendant may not be entitled to withdraw the plea if the agreement is not accepted pursuant to 46-12-211;

(e) that if the defendant's plea of guilty is accepted by the courts, there will not be further trial of any kind, so that by pleading guilty the defendant waives the right to trial; and

(f) that if the defendant is not a United States citizen, a guilty plea might result in deportation from or exclusion from admission to the United States or denial of naturalization under federal law.

(2) the requirements of subsection (1) may be accomplished by the defendant filing a written acknowledgement of the information contained in subsection (1).

We have held that a trial court's interrogation of a defendant seeking to enter a guilty plea is sufficient if the judge

"examines the defendant, finds him to be competent, and determines from him that his plea of guilty is voluntary, he understands the charge and his possible punishment, he is not acting under the influence of drugs or alcohol, he admits his counsel is competent and he has been well advised, and he declares in open court the fact upon which his guilt is based."

*Mahoney*, 870 P.2d at 69 (quoting *State v. Walker* (1986), 220 Mont. 70, 72; 712 P.2d 1348, 1350) (citing *State v. Lewis* (1978), 177 Mont. 474, 485, 582 P.2d 346, 352).

The record demonstrates that the trial court questioned defendant as to his competence; his understanding of the implications of a guilty plea in terms of rights waived and rights retained; whether he was acting under the influence of alcohol or drugs; whether he was satisfied with counsel; and whether there was a plea bargain agreement. The terms of the agreement were read into the record. Both the court and defense counsel asked for clarifications as to the terms. The court advised defendant that a plea agreement was a recommendation that the court was not bound to follow. The court explained the maximum punishment for each of the offenses. The court established the factual basis for defendant's guilt by first reading the allegations for the two remaining counts of sexual assault. The court then noted that the charges were very specific and asked defendant if he was pleading guilty to each and every charge in those counts. Defendant answered "yes."

The District Court's interrogation of defendant as to the consequences of his plea addressed the relevant portions of § 46-12-210, MCA, and satisfied the requirements of the first factor, adequacy of the interrogation.

Defendant argues that like the defendant in *State ex rel. Gladue v. Eighth Judicial District* (1978), 175 Mont. 509, 575 P.2d 65, he was induced to enter an involuntary guilty plea. In *Gladue*, the defendant filed a motion to withdraw his guilty plea to two counts of robbery. At the hearing on the motion, the defendant denied any involvement in the offenses. The defendant stated that he pled guilty at the recommendation of his attorney, and because the co-defendant was going to plead guilty. The plea bargain agreement was entered into one day prior to trial. Minutes before the time scheduled for the change of plea, the defendant informed his attorney that he did not want to go along with the plea bargain agreement. We concluded that the defen-

dant pled guilty only after being induced to do so by his attorney for fear that he had no chance of proving his innocence at trial. As a result, we held that the defendant's plea was involuntary.

The present case is distinguishable from *Gladue*. Defendant maintains that he went to court on October 27, 1992, expecting to attend an omnibus hearing. Instead, he was confronted with an "impromptu plea agreement spontaneously negotiated by the State and defendant's attorney." The record shows that plea bargain negotiations had begun in July 1992, and that defendant's counsel kept him informed as the negotiations progressed. Defendant's original counsel and the county attorney testified that only the details of the fine points were left to be resolved as of October 27, 1992.

Defendant points to the lack of a written waiver of rights form, a written acknowledgement of rights form, and a written plea bargain agreement as proof of the hasty circumstances under which he pled guilty. There is no statutory requirement that any of the above be reduced to writing. Oral plea bargain agreements are subject to contract law standards and are valid and binding. *State v. Dinndorf* (1983), 202 Mont. 308, 658 P.2d 372; *State v. Allen* (1981), 197 Mont. 64, 645 P.2d 380.

Defendant also argues that like the defendant in *Gladue*, he has consistently maintained his innocence. However, unlike the defendant in *Gladue*, who denied committing the acts that formed the basis of the charges against him, defendant in the present case has never denied committing the acts that constitute sexual assault under § 45-5-502(3), MCA. In essence, defendant does not believe that the acts he committed constitute a crime.

Defendant asserts further that the court "unintentionally sidestepped some of the statutory safeguards intended to ferret out any involuntariness or confusion on the part of a criminal defendant." In support of this assertion, defendant cites § 46-12-212, MCA, which states:

(1) The court may not accept a guilty plea without determining that there is a factual basis for the plea in charges of felonies or misdemeanors resulting in incarceration.

(2) A defendant who is unwilling to admit to any element of the offense that would provide a factual basis for a plea of guilty may, with the consent of the court, enter a plea of guilty to the offense if the defendant considers the plea to be in the defendant's best interest and if a factual basis exists for the plea.

The court read, and defendant admitted to, the specific allegations that comprised the two counts of sexual assault and formed the factual basis of the guilty pleas. Defendant would only be required to state that the plea was in his best interest under § 46-12-212, MCA, if he was unwilling to admit to any element of the offense. The record does not reveal defendant's unwillingness any time prior to or during the October 27, 1992, hearing. Defendant maintains that his willingness to enter a plea under *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, demonstrates his unwillingness to admit to the offense. While nothing in the record shows that an *Alford* plea was entered with the court or incorporated into the original plea agreement, the record does show that there were preliminary discussions between the State and defense counsel about an *Alford* plea. That approach was abandoned when the court indicated it would not accept an *Alford* plea.

To ensure voluntary pleas, § 46-12-204(2), MCA, provides that [t]he court may not accept a plea of guilty without first determining that the plea is voluntary and not the result of force or threats or of promises apart from the plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty results from prior discussions between the prosecutor and the defendant or the defendant's attorney.

In addition, the court must inform the defendant of the consequences of the plea and of the maximum penalty which may be imposed. Section 46-16-105(1)(b), MCA. Defendant asserts that he entered his pleas under fundamental mistake and misunderstanding of their consequences. While the law does not require the trial court to educate the defendant on all aspects of the relevant law before accepting a guilty plea, if the plea is based on fundamental mistake or misunderstanding as to its consequences, the court may allow the defendant to withdraw the plea. *Cameron*, 830 P.2d at 1287; *Benjamin v. McCormick* (1990), 243 Mont. 252, 256, 792 P.2d 7, 10.

The District Court acknowledged that it did not inform defendant of the maximum sentence allowable for sexual assault under § 45-5-502, MCA, or of the mandatory two-year minimum sentence. However, the court ordered that the two-year minimum did not apply pursuant to § 46-18-222(6), MCA, because

the offense was committed under 45-5-502(3) and the court determine[d] that the treatment of the defendant in a local community affords a better opportunity for rehabilitation of the defendant and for the ultimate protection of society ....

The court's failure to inform defendant of the maximum and the mandatory minimum was harmless error.

Defendant maintains that he misunderstood the consequences of the treatment component of his suspended sentences and the requirement that he register as a sex offender. The court was not required to inform defendant the he would be required to register as a sex offender with the Department of Corrections and Human Services until the July 27, 1993, sentencing hearing pursuant to § 46-18-254, MCA. At the October 27, 1992, omnibus hearing, defendant was informed that as a condition of the suspended sentences, he would be required to successfully complete either a sex offender program or an anger management program. At the July 27, 1993, sentencing hearing, defense counsel objected to this condition and called Dr. Scolatti, director of the Saber Program, an outpatient sex offender program, to testify as to the potential consequences of this condition. As a prerequisite, defendant would have to admit to having committed a sexual offense. Dr. Scolatti testified that defendant would probably not be accepted into the program because defendant was unable to admit that he had committed a sexual offense. Defense counsel argued that because defendant maintained his innocence, he was being set up to fail and would eventually face a revocation of his suspended sentence.

In response to this concern, the court accepted as an alternative condition that defendant successfully complete an anger management program. Dr. Scolatti testified that defendant would have a better chance of completing an anger management program, as opposed to a sex offender program. Dr. Scolatti noted that an anger management program would not be confrontational; would not question personal beliefs; and would not require an admission of guilt to a sex offense. While a sex offender program would last at least three years, an anger management program would last six months to one year. The court minimized defendant's risk of failure and its consequences by permitting this reasonable alternative.

There is no evidence in the record to demonstrate that defendant entered his pleas under mistake or misunderstanding. We conclude that defendant's plea of guilty was entered voluntarily.

 The District Court did not address factor two, the promptness of defendant's motion to withdraw the prior plea. In general, filing a motion to withdraw a guilty plea over a year after entry of the guilty plea is untimely. *Reynolds*, 833 P.2d at 155; *State v. LaTray* (1986), 220 Mont. 358, 363, 715 P.2d 52, 55. Defendant filed his motion

to withdraw his plea approximately seven months after pleading guilty, therefore, his motion was filed promptly.

The third factor we must consider is the fact that defendant's plea was the result of a plea bargain. We have held that this Court will not lend its assistance to an accused criminal in escaping the obligations of a plea bargain after accepting its benefits. *Reynolds*, 833 P.2d at 363; *State v. Radi* (1991), 250 Mont. 155, 162, 818 P.2d 1203, 1208; *State v. Koepplin* (1984), 213 Mont. 55, 64, 689 P.2d 921, 926. In exchange for pleas of guilty to two counts of sexual assault, the State agreed to dismiss charges of sexual intercourse without consent, unlawful restraint, assault, and unlawful transactions with children. In addition, defendant's sentence was suspended with the exception of 60 days. The court noted that defendant would be given credit for the 45 days he had served. The mandatory minimum sentence was not applied, and defendant was not required to attend a sex offender treatment program that required an admission of guilt.

Finally, defendant argues that statements made by one of the victims after defendant entered a guilty plea amounts to a recantation that required the court to allow defendant to withdraw his guilty pleas. The statements were made by one of the victims to the county attorney who related the statements in a letter to co-defendant Dodson's attorney. Shortly thereafter, the charges against Dodson were dismissed. Defendant asserts that had he been aware of the statements he would never have pled guilty.

A review of the statements contained in the letter shows that they are not exculpatory as to the charges of sexual assault under § 45-5-502, MCA, to which defendant pled guilty. Because defendant properly pled guilty, he waived all factual defenses which occurred prior to the plea. *State v. Hilton* (1979), 183 Mont. 13, 18, 597 P.2d 1171, 1173; *State v. Turcotte* (1974), 164 Mont. 426, 428, 524 P.2d 787, 788. Thereafter, defendant may only attack the voluntary nature of his plea. *Hilton*, 597 P.2d at 1173; *State v. Pepperling* (1978), 177 Mont. 464, 473, 582 P.2d 341, 346; *Turcotte*, 524 P.2d at 789.

After applying the three good-cause factors to the present case, we hold that the District Court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea.

Affirmed.

JUSTICES HARRISON, GRAY, NELSON and WEBER concur.