No. 93-600

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

    Plaintiff and Respondent,

v.

RONALD TIMBLIN,

    Defendant and Appellant.

FILED

APR 25 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Ronald Timblin, Pro Se,
        Deer Lodge, Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General,
        Carol Schmidt, Assistant Attorney General,
        Helena, Montana

        Brant Light, Cascade County Attorney,
        Shawn M. Glen, Deputy County Attorney,
        Great Falls, Montana

Submitted on Briefs:  March 16, 1995

Decided:  April 25, 1995

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Ronald Timblin, appearing pro se, appeals from an order of the Eighth Judicial District Court, Cascade County, sentencing him to 40 years in the Montana State Prison for the felony offense of sexual intercourse without consent; declaring appellant a dangerous offender for the purposes of parole; and declaring appellant ineligible for parole for the first 20 years of his sentence and until he completes the sexual offender treatment program at the prison.

We affirm.

The issues on appeal are:

1. Did the District Court err in designating appellant a dangerous offender for purposes of parole under § 46-18-404, MCA?

2. Did appellant enter a voluntary and knowing guilty plea?

3. Did the District Court violate appellant's due process rights in sentencing him to a prison sentence of 40 years and designating him a dangerous felony offender?

4. Was appellant denied effective assistance of counsel?

During divorce proceedings, appellant moved from the family home. On August 22, 1987, he picked up his three minor daughters for a scheduled visit. During this visit, appellant forcibly raped P.T., his 14-year-old daughter. In 1989, P.T. related to her boyfriend the events of August 22, 1987, as well as the history of abuse P.T. was subjected to by appellant. P.T.'s boyfriend informed P.T.'s mother of the abuse, who in turn contacted the

2

Great Falls Police Department. On June 5, 1989, appellant was charged by information under § 45-5-503, MCA, with felony sexual intercourse without consent, to which he pled not guilty.

A bench trial was held on October 30 and 31, 1989. Prior to the trial, the State learned that P.T.'s account of the events of August 22, 1987, differed from the account of her siblings, C.T. and K.T. Appellant learned of the inconsistent accounts during the trial. Appellant made a motion to compel the State to produce C.T. and K.T., and a motion to continue the trial until the witnesses could be subpoenaed. The district court denied appellant's motions. The court found appellant guilty as charged and sentenced him to 35 years in the Montana State Prison, with 5 years suspended.

We reversed appellant's conviction, concluding that the district court abused its discretion by not granting appellant's motion for a continuance. State v. Timblin (1992), 254 Mont. 48, 834 P.2d 927.

After the District Court set a new trial date, appellant entered a guilty plea, signed an acknowledgement of waiver of rights and a plea agreement. The District Court sentenced appellant to 40 years in the Montana State Prison for the offense of felony sexual intercourse without consent under § 45-5-503, MCA. The District Court declared appellant a dangerous offender for parole purposes, and declared him ineligible for parole for the first 20 years of his sentence and until he completes the sexual

3

offender treatment program at the prison.  Appellant appeals his sentence.

## ISSUE 1

Did the District Court err in designating appellant a dangerous offender for parole purposes under § 46-18-404, MCA?

The designation of an offender as either dangerous or nondangerous is governed by § 46-18-404, MCA, which provides in pertinent part:

> (1) . . . the sentencing court shall designate an offender a nondangerous offender for the purposes of eligibility for parole . . . if:
> (a) during the 5 years preceding the commission of the offense for which the offender is being sentenced, the offender was neither convicted of nor incarcerated for an offense committed in this state or any other jurisdiction for which a sentence to a term of imprisonment in excess of 1 year could have been imposed; and
> (b) the court has determined, based on any presentence report and the evidence presented at the trial and the sentencing hearing, that the offender does not represent a substantial danger to other persons or society.

Subsection (1) of the statute sets forth a two-part test under which an offender can be designated nondangerous.  The district court can designate the offender as nondangerous only if the offender meets both criteria set forth in subsections (a) and (b). If the offender satisfies only one prong of the two-part test, the district court may, in its discretion, designate the offender as dangerous for the purposes of parole.  State v. Buckman (1989), 236 Mont. 37, 40, 768 P.2d 1361, 1362; State v. Dahl (1980), 190 Mont. 207, 214, 620 P.2d 361, 365.

4

"When using its discretion to determine offender status, the district court 'may consider persistence in criminal conduct, and failure of earlier discipline to deter or reform the defendant.'" Buckman, 768 P.2d at 1361, (quoting State v. Nichols (1986), 222 Mont. 71, 82, 720 P.2d 1157, 1163). The sentencing court must articulate its reasons for designating an offender as dangerous, rather than merely recite the statutory language of § 46-18-404(1)(a) and (b), MCA. State v. Morrison (1993), 257 Mont. 282, 287, 848 P.2d 514, 516; Buckman, 768 P.2d at 1361.

After considering the presentence reports, the District Court articulated in detail its reasons for designating appellant a dangerous offender. The District Court concluded that appellant is manipulative, without remorse, and represents a danger to his victim, his family, society in general, and in particular, female juveniles. The District Court further concluded that appellant will re-offend if given the opportunity, and that appellant is not amenable to rehabilitation.

We hold that the District Court did not err in designating appellant a dangerous offender for parole purposes under § 46-18-404, MCA.

## ISSUE 2

Did appellant enter a knowing and voluntary guilty plea?

Appellant argues that the District Court did not inform him that it could place parole restrictions on his sentence, therefore,

5

his guilty plea was not given voluntarily or knowingly. The record does not support appellant's argument.

To ensure voluntary pleas, § 46-12-204(2), MCA, provides that the district court may not accept a guilty plea without first determining that the plea is voluntary and not the result of force or threats or promises apart from the plea agreement. A trial court's interrogation of a defendant seeking to enter a guilty plea is sufficient if the judge

> examines the defendant, finds him to be competent, and determines from him that his plea of guilty is voluntary, he understands the charge and his possible punishment, he is not acting under the influence of drugs or alcohol, he admits his counsel is competent and he has been well advised, and he declares in open court the fact upon which his guilt is based.

State v. Mahoney (1994), 264 Mont. 89, 97, 870 P.2d 65, 69 (quoting State v. Walter (1986), 220 Mont. 70, 74, 712 P.2d 1348, 1350). Specifically, the trial court should interrogate the defendant pursuant to the criteria set forth in § 46-12-210, MCA.

The record demonstrates that before accepting defendant's guilty plea, the District Court interrogated appellant pursuant to § 46-12-210, MCA, as to his competence, his understanding of the implications of a guilty plea in terms of rights waived and rights retained, whether appellant was acting under the influence of alcohol or drugs, and whether appellant was satisfied with counsel. The District Court advised appellant that a plea agreement was a recommendation that the court was not bound to follow. The District Court explained the maximum punishment for the charged

6

offense.  The District Court established the factual basis for appellant's guilt by having him recite with specificity the acts he committed that resulted in the charged offense.  The record also discloses that appellant executed an acknowledgement of waiver of rights by plea of guilty and plea agreement which provides that "[e]ach party understands that the presiding District Court Judge can designate the defendant as a dangerous offender as well as limit his eligibility for parole and work release furlough programs."  The District Court accepted appellant's guilty plea after interrogating him pursuant to § 46-12-210, MCA, and concluding that appellant's plea was voluntary and knowing.

We hold that appellant's plea of guilty to the charged offense was knowing and voluntary.

## ISSUE 3

Did the District Court violate appellant's due process rights in sentencing him to a prison sentence of 40 years and designating him a dangerous felony offender?

The District Court Judge presiding over appellant's first trial sentenced him to a prison term of 35 years, with five years suspended.  After pleading guilty in lieu of a second trial, appellant was sentenced to a prison term of 40 years by a second District Court Judge .  Appellant argues that the 40-year sentence imposed by the second District Court Judge was motivated by judicial vindictiveness because appellant successfully attacked his

7

first conviction. Appellant contends that the increased sentence violates his due process rights.

"Due process guarantees resentencing free from vindictiveness stemming from reversal." State v. Forsyth (1988), 233 Mont. 389, 421, 761 P.2d 363, 383. However, where a different judge sentences on retrial, the presumption of vindictiveness that is created by a sentence increase on remand no longer exists. Forsyth, 761 P.2d at 384; Texas v. McCullough (1986), 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104. Because the first sentencing judge was replaced in the present case, there is no presumption of vindictiveness. Consequently, appellant must show actual vindictiveness. Forsyth, 761 P.2d at 384. Appellant has made no showing of actual vindictiveness.

We hold that the District Court did not violate appellant's due process rights by sentencing him to a prison term of 40 years.

In Issue 1 we held that the District Court did not err in designating appellant a dangerous offender. For the reasons set forth in Issue 1, we hold that the District Court did not violate appellant's due process rights by designating him a dangerous offender.

ISSUE 4

Was appellant denied effective assistance of counsel?

We have adopted the two-prong test set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, when determining whether counsel was effective. Mahoney, 870 P.2d

8

at 72-73. A defendant must first show that counsel's performance was deficient by demonstrating that counsel was not functioning as guaranteed by the Sixth Amendment to the United States Constitution. A defendant must next show that counsel's deficient performance so prejudiced him that he was deprived of the right to a fair trial. Mahoney, 870 P.2d at 72-73. However, when a guilty plea is involved, the defendant must show that but for counsel's deficient performance, the defendant would not have pled guilty and would have insisted on going to trial. State v. Langford (1991), 248 Mont. 420, 432, 813 P.2d 936, 946.

In Issue 2, we concluded that appellant's plea was knowing and voluntary. In addition, there is nothing in appellant's brief or the record to show that counsel's performance was deficient or that, but for counsel's performance, appellant would not have pled guilty and would have insisted on going to trial.

We hold that appellant received effective assistance of counsel.

We affirm.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_William E. Hunt_
Justice

9

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10

April 25, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Ronald Timblin
700 Conley Lake Road
Deer Lodge, MT 59722

HON. JOSEPH P. MAZUREK, Attorney General
Carol Schmidt, Assistant
Justice Bldg.
Helena, MT 59620

Brant Light, County Attorney
Shawn M. Glen, Deputy
Cascade County Courthouse
Great Falls, MT 59401

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy