No. 95-051

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

    Plaintiff and Respondent,

    v.

DAVID CHRISTOPHER JOHNSON,

    Defendant and Appellant.

FILED

NOV 30 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        John Keith, Great Falls, Montana

        For Respondent:

            Jospeh P. Mazurek, Attorney General, John Paulson,
Assistant Attorney General, Helena, Montana; Brant
Light, Cascade County Attorney, Shawn Glen, Deputy
Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  September 13, 1995

Decided:  November 30, 1995

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

David Christopher Johnson (Johnson) was charged with five counts of criminal sale of dangerous drugs. A plea agreement was reached wherein Johnson pleaded guilty to all five counts. Prior to sentencing, Johnson moved the District Court for the Eighth Judicial District, Cascade County, for an order allowing Johnson to withdraw his guilty pleas. The District Court denied the motion and sentenced Johnson to ten years with five years suspended on each count. Johnson appeals the denial of his motion to withdraw his guilty pleas. We affirm.

The sole issue on appeal is whether the District Court abused its discretion in denying Johnson's motion to withdraw his guilty pleas.

Johnson was arrested on October 1, 1993, in Great Falls and charged with five counts of criminal sale of dangerous drugs in violation of § 45-9-101, MCA (1991). The information and supporting affidavit alleged that Johnson sold marijuana to a confidential informant on five separate occasions between September 13 and September 27, 1993. According to the affidavit, Johnson possessed a handgun during the last two transactions with the informant.

An attorney with the Cascade County Public Defenders' Office was appointed to represent Johnson. At his arraignment, Johnson entered pleas of not guilty on each count. Additionally, the District Court denied a motion for a reduction in the amount of Johnson's bail.

2

On January 7, 1994, Johnson's attorney filed a motion requesting substitution of counsel. The motion stated that counsel had a conflict because he was representing two other criminal defendants against whom Johnson would be called to testify. The District Court granted the motion and another attorney from the public defenders' office was appointed to represent Johnson.

A second bail reduction hearing was held on January 20, 1994, and the District Court reduced Johnson's bail from $100,000 to $15,000. On January 27, 1994, Johnson's second attorney filed a motion to be relieved as counsel of record and requested that the court appoint another attorney for Johnson. After a February 4, 1994 hearing, at which Johnson indicated that he did not object to his attorney's withdrawal, the District Court granted the motion. The court appointed Marvin Anderson, an associate public defender, as the third attorney to represent Johnson.

At the omnibus hearing on March 22, 1994, Johnson informed the court that he wanted to defend himself, thus the District Court allowed Johnson to represent himself during the hearing and argue his motions to dismiss for selective prosecution and for multiplicity of charges. These motions were later denied by the court. By stipulation, Johnson's bail was reduced to $2,500. Johnson was released from jail and trial was set for May 16, 1994.

On the day set for trial, the District Court received a letter from Johnson charging Johnson's attorney with incompetence and requesting that another attorney be appointed. Before proceeding with jury selection, the District Court held a hearing and inquired

3

about the letter. Johnson told the court that he did not want to be represented by Anderson and requested other counsel. The court refused to appoint other counsel for Johnson, required Johnson to represent himself, and designated Anderson as standby counsel.

After attempting to voir dire the prospective jurors, Johnson entered into a plea agreement with the prosecutor wherein Johnson agreed to plead guilty to the five counts of criminal sale of dangerous drugs, and the prosecutor agreed to recommend ten-year concurrent sentences with no dangerous offender designation or weapons enhancement. The jury was dismissed and Johnson entered a plea of guilty to all five counts.

That same day, the Cascade County Public Defenders' Office filed a motion requesting to be relieved as Johnson's counsel because Johnson had been granted leave to intervene in a federal lawsuit involving the operation and effectiveness of that office. The District Court granted the motion the following day and appointed counsel independent of the public defenders' office to represent Johnson.

On June 21, 1994, through his fourth appointed counsel, Johnson filed a motion to withdraw his guilty pleas. On October 17, 1994, the time set for sentencing, the District Court also conducted a hearing on Johnson's motion. The District Court denied the motion and sentenced Johnson to ten years with five years suspended on each count. The sentences were to run concurrently and Johnson was designated a non-dangerous offender for purposes of parole eligibility. Johnson now appeals the denial of his motion

4

to withdraw his guilty pleas.

Did the District Court abuse its discretion in denying Johnson's motion to withdraw his guilty pleas?

No set rule or standard exists under which a trial court addresses a request to withdraw a guilty plea; each case must be considered in light of its unique record. State v. Enoch (1994), 269 Mont. 8, 11, 887 P.2d 175, 177 (citing State v. Radi (1991), 250 Mont. 155, 158-59, 818 P.2d 1203, 1206). Our standard in reviewing a denial of a motion to withdraw a guilty plea is whether the district court abused its discretion. Enoch, 887 P.2d at 177 (citing State v. Reynolds (1992), 253 Mont. 386, 390, 833 P.2d 153, 155).

Johnson alleges that his guilty pleas were coerced by the State with the threat that he would receive a more severe sentence if he did not plead guilty and that his pleas were not knowingly and voluntarily made because he was on anti-depressant medication at the time he entered his pleas. He also alleges a claim of ineffective assistance of counsel by his former attorney, Anderson.

Section 46-16-105(2), MCA, states that a court may permit a guilty plea to be withdrawn and a non-guilty plea substituted, for good cause, at any time before or after judgment. "The fundamental purpose of allowing the withdrawal of a guilty plea is to prevent the possibility of convicting an innocent man." Radi, 818 P.2d at 1206 (quoting State v. Arledge (1987), 228 Mont. 225, 232, 741 P.2d 781, 785).

This Court considers three factors to determine whether good

5

cause existed and whether the District Court erred in refusing to allow withdrawal of a guilty plea: (1) the adequacy of the court's interrogation at the time the plea was entered regarding the defendant's understanding of the consequences of the plea; (2) the promptness with which the defendant attempts to withdraw the plea; and (3) the fact that the plea was the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge. Enoch, 887 P.2d at 177; Radi, 818 P.2d at 1206.

As to the first factor, adequacy of the court's interrogation at the time the plea was entered, this Court has previously stated:

> Where a District Court has done all that it can to determine from the defendant or otherwise, that the proposed plea of guilty is voluntarily made, the defendant understands what he is doing and is advised of the consequences of his plea, including the nature and extent of his punishment, has been adequately advised by counsel, and has been treated fairly at all stages of the prosecution against him, and that in fact the defendant states he is guilty of the charges made, then this Court has a duty to support the District Court when it allows a plea of guilty to be entered in place of a plea of not guilty.

Radi, 818 P.2d at 1208 (quoting State v. Long (1987), 227 Mont. 199, 202, 738 P.2d 487, 489).

In addition to being interrogated in court regarding his guilty plea, Johnson signed a plea agreement and a document entitled "Acknowledgment of Waiver of Rights by Plea of Guilty." Contrary to Johnson's assertions that the court's interrogation was inadequate and did not meet the criteria specified in § 46-12-210, MCA, the combination of the in-court interrogation, the plea agreement and the written acknowledgement do contain all the necessary criteria. This Court has previously held that a written

6

acknowledgement, combined with oral questioning of the defendant, constitutes adequate interrogation. State v. Mahoney (1994), 264 Mont. 89, 95, 870 P.2d 65, 69 (citing State v. Walker (1986), 220 Mont. 70, 73, 712 P.2d 1348, 1350).

The second factor, promptness with which the defendant attempts to withdraw the plea, weighs in Johnson's favor since Johnson filed his motion less than a month and a half after entering his guilty pleas. It has long been the rule that a request to withdraw a guilty plea should be made within a reasonable time. Enoch, 887 P.2d at 178 (citing State v. Nance (1947), 120 Mont 152, 165, 184 P.2d 554, 561). In Enoch, a two-month delay between the guilty plea and a motion to withdraw was considered reasonable.

As to the third factor, that the plea was the result of a plea bargain, the record shows that Johnson, through his attorney, negotiated with the prosecutor on several occasions before Johnson agreed to plead guilty on all five counts. In exchange for a guilty plea, the prosecutor agreed to recommend concurrent sentences of ten years on each count, a far more lenient sentence than the maximum penalty of life imprisonment. In addition, the prosecutor agreed not to recommend a sentence enhancement for the use of a weapon or a dangerous offender designation.

We have often held that this Court "will not lend its assistance to an accused criminal in escaping his or her obligations of a plea bargain after accepting its benefits." State v. Milinovich (1994), 269 Mont. 68, 74, 887 P.2d 214, 218 (quoting

Reynolds, 833 P.2d at 157).

Johnson attacks the voluntariness of his guilty pleas. He contends that he was coerced by threats that he would receive a more severe sentence if he did not plead guilty and that he was on antidepressant medication at the time of his pleas. The United States Supreme Court has long held that a plea is not involuntary simply because it was entered to avoid a greater punishment. Milinovich, 887 P.2d at 216 (citing Brady v. United States (1970), 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747, 760). Moreover, in the acknowledgement of waiver of rights Johnson signed, he stated that his plea was made voluntarily; that he was not suffering under any emotional or mental disability from any cause including the use of drugs, alcohol or prescription medication; and that he understood what he was doing by pleading guilty.

Johnson also claims that constitutional violations occurred prior to the plea agreement. He claims that his right to counsel was denied because he was forced to represent himself and he claims a form of double jeopardy due to the multiplicity of charges. However, because Johnson pleaded guilty, he waived all factual defenses which occurred prior to the plea. State v. Skroch (1994), 267 Mont. 349, 358, 883 P.2d 1256, 1262-63 (citations omitted). Thereafter, Johnson may only attack the voluntary nature of his plea. Skroch, 883 P.2d at 1263. Moreover, at the change of plea hearing, Johnson was not unrepresented but in fact had standby counsel.

Johnson also claims ineffective assistance of counsel involving Anderson, Johnson's counsel at the time he entered his guilty pleas. To determine whether a defendant received ineffective assistance of counsel, this Court must conduct the two-part *Strickland* test, adopted in State v. Robbins (1985), 218 Mont. 107, 114, 708 P.2d 227, 232. In that case we stated:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Robbins, 708 P.2d at 232 (citing Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674). If the issue is a defendant's guilty plea, the defendant must demonstrate that but for counsel's deficient performance, a defendant would not have entered a guilty plea. Mahoney, 870 P.2d at 73 (citing State v. Senn (1990), 244 Mont. 56, 59, 795 P.2d 973, 975).

Johnson has not demonstrated that he entered the guilty pleas due to any deficient performance by Anderson. Anderson was not only prepared to represent Johnson at trial, he also prepared a packet of information for Johnson in case Johnson decided to represent himself at trial. It was only after the court ordered Johnson to represent himself that Johnson entered the guilty pleas. Additionally, the record shows that the plea agreement was in line with what Johnson had originally expected to receive.

Furthermore, despite Johnson's assertions that a conflict of

9

interest existed rendering Anderson's assistance ineffective, Johnson has failed to show that his intervention in the federal lawsuit involving the public defender's office resulted in a conflict that adversely affected Anderson's performance. Moreover, Johnson stated at his change of plea hearing that he was satisfied with his attorney and in the acknowledgement of waiver of rights he stated that he was fairly and properly represented by his attorney.

Accordingly, since Johnson has failed to show good cause to allow withdrawal of his guilty pleas, we hold that the District Court did not abuse its discretion by denying Johnson's motion.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

10