STATE EX REL BRUCE R. GLADUE, PETITIONER, *v.* THE EIGHTH JUDICIAL DISTRICT OF THE STATE OF MONTANA AND JUDGE JOEL G. ROTH, RESPONDENTS.

No. 13963.
Submitted on Briefs Jan. 11, 1978.
Decided Feb. 14, 1978.
575 P.2d 65.

Thomas A. Baiz, Jr., Great Falls, for petitioner.

Michael T. Greely, Atty. Gen., Helena, J. Fred Bourdeau, County Atty., Great Falls, for respondents.

MR. JUSTICE DALY delivered the opinion of the Court.

This is an appeal from the District Court, Cascade County. That

court on August 2, 1977, after a hearing, denied petitioner Bruce R. Gladue's motion to withdraw a previously entered plea of guilty to two felonies. It is from this order that this appeal is brought. The District Court has continued sentencing pending the decision from this Court.

The sole issue on appeal is whether the District Court abused its discretion in denying defendant's motion to withdraw his guilty plea?

On March 18, 1977, Bruce R. Gladue (petitioner), was charged with two counts of robbery in violation of section 94-5-401(1)(b), R.C.M.1947. At the time of his arraignment and plea of not guilty on March 30, 1977, petitioner was represented by Howard Strause, Cascade County Public Defender. On June 9, 1977, petitioner and codefendant Leonard Owens plead guilty to both counts contained in the Information in exchange for a promise that petitioner and Owens would get no more than 10 to 15 years in the state prison at Deer Lodge. This promise of maximum sentencing was the result of a written plea bargaining agreement signed by petitioner's new public defender attorney, Daniel Donovan, and Robert James, the deputy county attorney. This agreement provided (1) petitioner would receive from 10 to 15 years on each count of robbery, the sentences to be served concurrently, and (2) if the sentencing judge decided to not be bound by the recommendations of the sentencing agreement, petitioner would have the opportunity to withdraw his guilty plea and enter a not guilty plea and be entitled to a jury trial.

On July 22, 1977, petitioner filed a motion to withdraw his plea of guilty to the two counts of robbery through his then retained counsel, Thomas A. Baiz, Jr. Hearings were held on this motion on July 25, 1977 and August 2, 1977. At the hearings, petitioner denied involvement in either of the robberies. He then indicated the reason he plead guilty was that (1) his attorney, Dan Donovan, recommended the plea bargaining agreement, and (2) because the codefendant was going to plead guilty petitioner felt he would not have a chance in court. The plea bargaining agreement was entered into one day prior to the time set for petitioner's trial. Peti-

tioner, just minutes before the time scheduled for the change of plea, informed his attorney, Dan Donovan, that he did not want to go along with the plea bargaining agreement.

■ The granting or refusal of permission to withdraw a plea of guilty and substitute a plea of not guilty rests in the discretion of the trial court and is subject to review only upon a showing of an abuse of discretion. *State v. Nance*, (1947), 120 Mont. 152, 184 P.2d 554.

■ A plea of guilty will be deemed involuntary where it appears that the defendant was laboring under such a strong inducement, fundamental mistake, or serious mental condition that the possibility exists he may have plead guilty to a crime of which he is innocent. *State v. Pelke*, (1964), 143 Mont. 262, 271, 389 P.2d 164. The petitioner here maintained his innocence right up to the time he changed his plea. On direct examination by Mr. Baiz, petitioner testified:

"Q. Now on June 9th, there is a record of a plea-bargaining agreement, made by your attorney, on behalf of you, and the attorney for Leonard Owens, is that correct? A. Yes.

"Q. Now, why don't you explain to the court what your purpose was for changing your plea from not guilty to guilty, and why, in fact, you did that, at that time? A. Well, I really didn't know what was going on in the case, and my lawyer, Donovan, he didn't really — he told me, he said that I really didn't have a chance with my case in a jury trial.

"Q. Your attorney told you that you didn't have a chance? A. Yes. And I really didn't know what was going on either way, and I really didn't think I could prove myself innocent, from what he said.

"Q. But, in fact, you state at this time that you are innocent? A. Yes.

"Q. And you do want to withdraw that plea? A. Yes.

"Q. And you do, in fact, want to have a jury trial? A. Yes."

On cross-examination of attorney Dan Donovan, the following colloquy transpired:

"Q. Just a couple of points. Dan, you indicated that you, in fact, recommended the plea-bargaining agreement to Mr. Gladue, based upon the statements that you had, and the fact that you didn't feel he had that good a chance at trial, is that correct? A. Yes."

The transcript of the hearing held in District Court on the motion for a change of plea indicates that petitioner Gladue steadfastly · maintained his innocence and when he did change his plea to guilty it was influenced by these factors:

(1) His own attorney told him that he did not feel he had a very good chance in a jury trial.

(2) Petitioner felt he could not prove himself innocent.

(3) The codefendant in this case plead guilty.

This Court stated in *State v. McAllister*, (1934), 96 Mont. 348, 353, 30 P.2d 821, 823:

"* * * A change of plea will ordinarily be permitted if it fairly appears that the defendant was in ignorance of his rights and of the consequences of his act, or if influenced unduly and improperly either by hope *or by fear in making it*, or if it appears that the plea was entered under some mistake or misapprehension." (Emphasis added.)

The law seeks no unfair advantage over a defendant, but is watchful to see that the proceedings under which his life or liberty is at stake shall be fairly and impartially conducted. It holds in contemplation his natural distress and is considerate in viewing the motives which influence him to take one or another course, i. e., plead guilty or not guilty.

█ In the instant case there is evidence that petitioner had always maintained his innocence and plead guilty only after being induced to do so by his attorney of record. Petitioner feared he had no chance of proving his innocence in a jury trial. This raises serious questions about his guilty plea and whether that plea was voluntarily given. In *State v. Casaras*, (1937), 104 Mont. 404, 413, 66 P.2d 774, 778, the Court stated:

"* * * If there is any doubt that the plea is not voluntary, the

doubt should be resolved in his [defendant's] favor. On application to change a plea, all doubts should be resolved in favor of a trial on the merits. (*State v. McAllister*, 96 Mont. 348, 30 P.2d 821).''

Here, the District Court abused its discretion in not allowing a withdrawal of the guilty plea and ordering a trial on the merits.

The order of the District Court is reversed. The cause is remanded for further proceedings consistent with this Opinion.

ACTING CHIEF JUSTICE HARRISON and JUSTICES HASWELL and SHEA concur.