No. 96-414

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

      Plaintiff and Respondent,

   v.

DANNY GRUENDEMANN,

      Defendant and Appellant.

FILED

APR 1 - 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell C. Fagg, Judge Presiding.

COUNSEL OF RECORD:

      For Appellant:

            L. Sanford Selvey II, Chief Public Defender,
Billings, Montana

      For Respondent:

            Honorable Joseph P. Mazurek, Attorney General;
Tammy Plubell, Assistant Attorney General,
Helena, Montana

            Dennis Paxinos, County Attorney; John Kennedy,
Deputy County Attorney, Billings, Montana

Submitted on Briefs: February 13, 1997

Decided: April 1, 1997

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Danny Gruendemann pled guilty in the Thirteenth Judicial District Court, Yellowstone County, to sexual intercourse without consent. He appeals from the court's order denying his motion to withdraw that plea. We affirm.

The issues are whether the District Court abused its discretion when it refused to allow Gruendemann to withdraw his guilty plea, and whether the State of Montana is barred from prosecuting Gruendemann for sexual intercourse without consent following his prosecution and conviction in Wyoming for endangering the welfare of children.

On June 21, 1995, Gruendemann met a fourteen-year old girl, A.W., at a convenience store in Laurel, Montana. A.W. informed Gruendemann that she wanted to run away from home. Gruendemann offered to help her, but told her that he wanted to have sex with her first. Gruendemann engaged in sexual intercourse with A.W., who was incapable of legally consenting because of her age.

A.W. then accompanied Gruendemann to Wyoming. On June 24, 1995, Gruendemann and A.W. appeared at a homeless shelter in Casper, Wyoming. They were taken into custody after a shelter worker became suspicious of Gruendemann's story that A.W. was his daughter. Gruendemann subsequently pled guilty in the State of Wyoming to charges of child endangerment and was sentenced to serve six months in the Natrona, Wyoming, County Jail.

In July 1995, Gruendemann was charged in Yellowstone County District Court with two counts of sexual intercourse without

consent upon A.W. outside Laurel, Montana, on or about June 21, 1995. Gruendemann pled guilty to one of those counts in December 1995. He later moved to be allowed to withdraw his guilty plea, based upon his Wyoming conviction. The court denied Gruendemann's motion and sentenced him to serve twenty-five years at the Montana State Prison. Gruendemann appeals.

## ISSUE 1

Did the District Court abuse its discretion when it refused to allow Gruendemann to withdraw his plea?

Section 46-16-105(2), MCA, provides that "[a]t any time before or after judgment the court may, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." In doing so, the court must consider:

> 1. the adequacy of the court's interrogation at the time the plea was entered regarding the defendant's understanding of the consequences of the plea;
>
> 2. the promptness with which the defendant attempts to withdraw the plea; and
>
> 3. the fact that the plea was the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge.

State v. Moddison (Mont. 1996), 926 P.2d 253, 257, 53 St.Rep. 961, 963. This Court's standard of review on a denial of a motion to withdraw a guilty plea is whether the court abused its discretion. State v. Enoch (1994), 269 Mont. 8, 11, 887 P.2d 175, 177.

The record establishes that at the time he entered his guilty plea, Gruendemann was adequately advised as to the consequences of the plea. He does not contend otherwise, except to argue that he was not adequately informed of the consequences of his Wyoming

3

conviction. As to the second factor listed above, the State acknowledges that Gruendemann's request to withdraw his guilty plea was promptly made prior to his sentencing.

As to factor number three, Gruendemann argues that he has not received any benefits of the plea agreement. The record does not support that argument. In exchange for Gruendemann's guilty plea, the State dismissed one count of sexual intercourse without consent and agreed to recommend a twenty-five-year prison sentence on the remaining count. In dismissing one of the two counts of sexual intercourse without consent, the State reduced Gruendemann's maximum potential prison sentence by half, from eighty years to forty years. In light of the nature of Gruendemann's offense, the bleak results of his psychological and sex offender evaluations (severe and chronic substance abuse, a "morally indiscriminate sexual abuser," rehabilitation prognosis "quite guarded," and high risk to reoffend), his criminal history, and the recommendations set forth in the presentence investigation, we conclude that the plea agreement represented a significant benefit to him.

We hold that the District Court did not abuse its discretion in denying Gruendemann's motion to withdraw his guilty plea.

ISSUE 2

Is the State of Montana barred from prosecuting Gruendemann for sexual intercourse without consent following his prosecution and conviction in Wyoming for endangering the welfare of children?

Section 46-11-504, MCA, provides:

When conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States or

4

another state or of two courts of separate, overlapping, or concurrent jurisdiction in this state, a prosecution in any other jurisdiction is a bar to a subsequent prosecution in this state under the same circumstances barring further prosecution in this state if:

(1) the first prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is based on an offense arising out of the same transaction[.]

The court must determine whether the following three factors are present: (1) the defendant's conduct constitutes an offense within the jurisdiction of the court where the first prosecution occurred and within the jurisdiction of the court where the subsequent prosecution is pursued; (2) the first prosecution results in an acquittal or a conviction; and (3) the subsequent prosecution is based on an offense arising out of the same transaction. State v. Tadewaldt (Mont. 1996), 922 P.2d 463, 465, 53 St.Rep. 635, 636. All three factors must be present before a subsequent prosecution is barred. Tadewaldt, 922 P.2d at 466.

In the present case, the State concedes that the Wyoming prosecution resulted in a conviction, so that factor (2) is present. The parties disagree on whether factors (1) and (3) are present.

Factor (1) is whether the defendant's conduct constitutes an offense within the jurisdiction of the court where the first prosecution occurred (here, Wyoming) and within the jurisdiction of the court where the subsequent prosecution is pursued (Montana). Gruendemann points out that the State of Montana could have charged him with endangering children, the offense with which he was charged in Wyoming. The State points out that, on the other hand,

5

there is no indication that the State of Wyoming had any basis upon which to charge Gruendemann with sexual intercourse without consent.

Gruendemann cites State v. Zimmerman (1977), 175 Mont. 179, 187, 573 P.2d 174, 179, for the idea that "[t]he measure of concurrent jurisdiction is whether defendant's conduct subjected him to prosecution in both jurisdictions." Gruendemann asserts, citing Zimmerman, that if conduct gives rise to offenses chargeable in both jurisdictions, concurrent jurisdiction lies regardless of the particular offense ultimately charged in each jurisdiction.

Zimmerman was charged in Montana state court with multiple counts of embezzlement. While he could have been charged with embezzlement under federal statutes as well, he was instead charged in federal district court with making false statements to secure funds. Zimmerman therefore does not stand for the proposition that concurrent jurisdiction exists when the two jurisdictions lack the ability to charge the same offense. In the present case, as the State has noted, there is no indication that the State of Wyoming had the ability to charge Gruendemann with the offense of which he was convicted in Montana, sexual intercourse without consent. Concurrent jurisdiction did not exist as to that offense.

Because concurrent jurisdiction did not exist, we conclude that we need not address whether factor (3) is present. We hold that § 46-11-504, MCA, does not bar Gruendemann's prosecution in Montana.

6

Finally, Gruendemann argues that his conviction in Montana is barred under § 46-11-503(1)(b), MCA:

> (1) When two or more offenses are known to the prosecutor, are supported by probable cause, and are consummated prior to the original charge and jurisdiction and venue of the offenses lie in a single court, a prosecution is barred if:
>
> . . .
>
> (b) the former prosecution resulted in a conviction that has not been set aside, reversed, or vacated[.]

In order for § 46-11-503, MCA, to apply, venue and jurisdiction of the offenses must lie in a single court. Gruendemann maintains this is true because both offenses could have been charged in Montana district court. But both offenses were not charged in Montana district court--Gruendemann was charged with child endangerment only in Wyoming, not in the "single court" in which he asserts venue and jurisdiction lie. We hold that Gruendemann's Montana conviction of sexual intercourse without consent is not barred under § 46-11-503(1)(b), MCA.

We affirm the judgment of the District Court.

/s/ J.A. Turnage
_____
Chief Justice

We concur:

/s/ James C. Nelson
_____

/s/ William E. Hunt

/s/ Terry N. Trieweiler

/s/ W. William Leaphart
_____
Justices

7