No. 97-355

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

Plaintiff and Respondent,

v.

FREEMAN WILLIAM STANTON,

Defendant and Appellant.

FILED

MON 25 1997

APPEAL FROM:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
Honorable James E. Purcell, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Freeman William Stanton (pro se), Spur, Texas

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Patricia Jordan,
Assistant Attorney General, Helena, Montana

Samm Cox, Deputy County Attorney, Butte, Montana

Submitted on Briefs: November 6, 1997

Decided: November 25, 1997

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Group.

Freeman Stanton appeals, pro se, from the order of the Second Judicial District Court, Silver Bow County, denying his motion to withdraw his guilty pleas to five felony offenses. We affirm.

We restate the issue Stanton raises on appeal as follows:

Did the District Court abuse its discretion when it denied Stanton's motion to withdraw his guilty pleas?

## BACKGROUND

In 1982, Stanton was convicted, upon his pleas of guilty, of robbery, aggravated kidnapping, sexual intercourse without consent, attempted deliberate homicide, and theft. In 1997, he moved to withdraw his guilty pleas, alleging the State failed to follow a plea agreement. The District Court denied Stanton's motion, concluding it was untimely and that the plea was not given in exchange for dismissal of another charge. Stanton appeals.

## DISCUSSION

This Court's standard in reviewing a district court's denial of a motion to withdraw a guilty plea is whether the court abused its discretion. State v. Enoch (1994), 269 Mont. 8, 11, 887 P.2d 175, 177.

2

Three factors must be balanced when considering a criminal defendant's attempt to withdraw a guilty plea: (1) the adequacy of the court's interrogation at the time the plea was entered regarding the defendant's understanding of the consequences of the plea; (2) the promptness with which the defendant attempted to withdraw the plea; and (3) the fact that the plea was the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge. Enoch, 887 P.2d at 177.

Stanton argues the State violated the terms of a plea agreement and, therefore, he should be allowed to withdraw his guilty pleas. The State responds that no plea agreement existed and that Stanton's motion was untimely.

A review of the record supports the State's argument that there was no written plea agreement. The District Court extensively interrogated Stanton at the time of the entry of his guilty pleas and at sentencing. The court repeatedly asked Stanton if he wanted to withdraw his guilty pleas. Stanton declined. Stanton stated that he understood and had signed an acknowledgement and waiver of rights. We conclude the District Court's interrogation was adequate.

Stanton's motion to withdraw his guilty pleas was made over fourteen years after his initial pleas of guilty. A motion to withdraw a guilty plea made more than a year after entry of the plea is not timely. State v. La Tray (1986), 220 Mont. 358, 715 P.2d 52. We conclude Stanton's motion was not timely.

The acknowledgment and waiver form, signed by Stanton, states "none except no death penalty non-dangerous" in the blank for the County Attorney's sentencing

recommendation. At the hearing when Stanton pleaded guilty, the State explained it had no problem with the acknowledgment and waiver form except for the non-dangerous notation. The record demonstrates Stanton did not enter into a plea bargain with the State. He cannot argue that the State failed to comply with the terms of a nonexistent plea agreement.

The three factors which must be balanced when considering a criminal defendant's attempt to withdraw a guilty plea all weigh in favor of the State. We hold the District Court did not abuse its discretion by denying Stanton's motion to withdraw his guilty pleas.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

4