No. 99-500

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 10N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JOSEPH J. MURPHY,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

Honorable Kenneth R. Neill, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Scott Albers, Attorney at Law, Great Falls, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Melissa

Broch and Cregg Couglin, Assistant Attorneys General,

Helena, Montana

Submitted on Briefs: December 16, 1999

Decided: January 20, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2. Joseph Murphy entered a plea of guilty for the crime of felony theft by deception associated with collecting from fraudulent workers' compensation claims. On the date set for sentencing Murphy moved to withdraw his plea, alleging ineffective assistance of counsel. The Eighth Judicial District Court, Cascade County, denied Murphy's motion. Murphy appeals. We affirm the District Court.

¶3. The issue before us is whether Murphy should be permitted to withdraw his guilty plea.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4. This case involves two different attorneys who represented Murphy in this matter. Attorney Scott Albers, counsel of record on appeal, previously represented Murphy and filed eight pretrial motions to dismiss or to suppress evidence on Murphy's behalf. Albers then withdrew and Attorney Lawrence LaFountain replaced him. Murphy retained Albers again just three days before trial was scheduled to begin, because Murphy believed that LaFountain's representation was ineffective.

¶5. On September 14, 1998, the day before trial was to begin, Murphy entered a plea of guilty pursuant to a plea bargain Albers prepared. On the date set for sentencing, October 21, 1998, Murphy orally requested to withdraw his plea. The District Court allowed

Albers to file a written motion and a supporting brief on Murphy's behalf. Following a hearing in which Murphy asserted an ineffective assistance of counsel claim against LaFountain, the District Court entered an order denying Murphy's motion to withdraw his plea. The District Court concluded that LaFountain's trial tactics and strategic decisions in preparing Murphy's case were entitled to great deference.

¶6. From this, Murphy appeals.

## STANDARD OF REVIEW

¶7. We review a district court's order denying a defendant's motion to withdraw a guilty plea for an abuse of discretion. *See State v. Enoch* (1994), 269 Mont. 8, 11, 887 P.2d 175, 177. Since we have not established a rule or standard under which a trial court must address a request to withdraw a guilty plea, each case must be considered in light of its unique record. *See Enoch*, 269 Mont. at 11, 887 P.2d at 177.

## DISCUSSION

¶8. Should Murphy be permitted to withdraw his guilty plea?

¶9. In this case, the District Court correctly considered the following three factors in deciding whether to allow Murphy to withdraw his guilty plea:

(1) the adequacy of the court's interrogation at the time the guilty plea was entered regarding the defendant's understanding of the consequences of the plea;

(2) the promptness with which the defendant attempts to withdraw the plea; and

(3) the fact that the plea was the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge.

*Enoch, 269 Mont. at 11-12, 887 P.2d at 177. Since Murphy made a timely motion at the time of sentencing, slightly more than one month after he entered his guilty plea,* the determination of whether or not to allow Murphy to withdraw his guilty plea falls upon the other two factors. *Cf.* State v. Ereth, 1998 MT 197, ¶ 33, 290 Mont. 294, ¶ 33, 964 P.2d 26, ¶ 33.

¶10. The fact that Murphy's guilty plea was the result of a plea bargain in exchange for consideration weighs in favor of causing his guilty plea to stand. The State agreed to

recommend a six-year suspended sentence, 30 days in county jail to be served in a one-year period and restitution in the amount of $15,000. If convicted, Murphy could have been sentenced to ten years in prison plus an enhancement as a persistent felony offender and a fine up to $50,000. In *State v. Radi* (1991), 250 Mont. 155, 162, 818 P.2d 1203, 1208, we determined that the State's agreement not to pursue a persistent felony offender designation is comparable to having dismissed a charge.

¶11. Also, Murphy was adequately interrogated at the time he entered his guilty plea. As the District Court recognized in its findings of fact, conclusions of law and order, Albers interrogated Murphy at length regarding the basis for his plea and his understanding of the consequences of his plea. The interrogation, along with an "Acknowledgment of Waiver of Rights by Plea of Guilty" which Murphy signed, were sufficient to establish that Murphy was competent, his plea of guilty was voluntary, he understood the charge and his possible punishment, he was not acting under the influence of drugs or alcohol, he believed his counsel was competent and he had been well advised, and he admitted the factual basis for his plea. *Cf. Enoch*, 269 Mont. at 13, 887 P.2d at 178. Murphy does not deny this. In his brief, Murphy states that the adequacy of the hearing at which he changed his plea was sufficient to demonstrate an intelligent choice. Murphy, however, argues that the adequacy of the hearing does not refute the "coercive circumstances" which led to his entry of a guilty plea.

¶12. The coercive circumstances to which Murphy refers are associated with his allegations against LaFountain for ineffective assistance of counsel. Murphy contends that LaFountain should have offered certain testimony at the pretrial motion hearing and that LaFountain should have prepared a key witness for trial differently. Murphy also contends that he was not able to attend the pretrial hearing or the State's depositions of witnesses against him because LaFountain never provided him the dates and times when they occurred. Murphy argues that LaFountain's decision to cut him out of these proceedings and his failure to involve him in formulating trial strategy unilaterally deprived him of numerous constitutional rights, in particular his right "to appear and defend in person and by counsel" and "to meet the witnesses against him face to face" pursuant to Article II, Section 24 of the Montana Constitution. Thus, he claims he pled guilty to avoid the risk of trial. To this effect, Murphy argues that his guilty plea was not voluntary.

¶13. Murphy cites case law in which we have recognized that where a petitioner feared he had no chance of proving his innocence due to ineffective assistance of counsel, serious questions are raised as to whether a guilty plea was given voluntarily. *See, e.g., State ex*

*rel. Gladue v. Eighth Judicial Dist.* (1978), 175 Mont. 509, 512, 575 P.2d 65, 67; *State v. Miller* (1991), 248 Mont. 194, 197, 810 P.2d 308, 310. The cases Murphy cites, however, involve allegations against attorneys who advised their clients to enter guilty pleas. This case is different because Albers, not LaFountain, represented Murphy when he entered his guilty plea. We have suggested that the advice of a second attorney to enter a guilty plea could weigh in favor of a voluntary plea. *See Hans v. State* (1997), 283 Mont. 379, 411, 942 P.2d 674, 693.

¶14. The procedural actions in this case support our conclusion that Murphy's plea was voluntary. Once Murphy retained Albers, he could have asked for a continuance to prepare differently for trial. Instead, Albers told the court that he was not contractually obligated to make such a request. A continuance may have given Murphy an opportunity to rectify LaFountain's alleged mistakes.

¶15. Murphy focuses much of his dissatisfaction on LaFountain's failure to offer testimony at the pretrial motion hearing. Murphy contends that LaFountain's strategy left him three days before trial with no ability or right to offer new evidence on the motions to dismiss, limiting any record in support of these motions and significantly impairing an appellate record on the motion themselves. We are not persuaded by his concerns, however, because when the motions were initially filed by Albers, no hearing was requested. Now, Murphy asks us to conclude that there was ineffective assistance of counsel at a hearing which his original attorney did not find necessary; yet, he expresses no complaint toward his original attorney for a failure to request the hearing. Also, because Murphy entered his guilty plea before the District Court ruled on the motions, we cannot be sure that the motions would have been decided against him.

¶16. For these reason, we conclude that the District Court did not abuse its discretion in denying Murphy's request to withdraw his guilty plea. We affirm the District Court.

/S/ J. A. TURNAGE

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART